# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3757

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Reyes Emilio Ibarra, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 24, 2010
Filed: September 28, 2010

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Reyes Emilio Ibarra was convicted of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 92 months imprisonment. Ibarra appeals, challenging the denial of his pretrial motion to suppress certain evidence and the admission of his custodial statements and the government's expert fingerprint testimony. We affirm.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

A plainclothes police officer observed Ibarra and a companion arriving at a hotel in Fenton, Missouri. After the men retired to their room, the officer conducted a dog sniff of their truck, which resulted in positive alerts on each door. Additional police were summoned to assist in surveillance. The next afternoon, Officer Edward Vitt walked up to Ibarra and his companion as they left a restaurant adjacent to the hotel. When Vitt identified himself as a police officer, Ibarra went over to his truck. A second officer, who was approaching from the rear, saw Ibarra remove a small bag of marijuana from the cab of the truck and throw it under another car. Other officers at the scene surrounded the truck with their vehicles so that it could not leave.

Prior to trial Ibarra unsuccessfully moved to suppress a significant amount of the government's evidence, including the discovery of the marijuana. On appeal, Ibarra argues that the district court erred in denying his motion to suppress and in allowing expert testimony on fingerprint identification. When reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its findings of law de novo. United States v. Rodrigeuz-Arreola, 270 F.3d 611, 615 (8th Cir. 2001).

Ibarra argues that the police officers impermissibly detained him in the parking lot without reasonable suspicion or probable cause and that all evidence gathered after his detention was therefore inadmissible. The district court denied the motion to suppress after concluding that Ibarra was taking part in a consensual encounter prior to the discovery of the marijuana. Consensual encounters or searches are not protected by the Fourth Amendment. United States v. Flores, 474 F.3d 1100, 1103 (8th Cir. 2007). "[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." United States v. Mendenhall, 446 U.S. 544, 553 (1980).

We agree with the district court that the initial contact between Officer Vitt and Ibarra was consensual. Although Vitt identified himself as a police officer, he did not

initially attempt to assert any authority over Ibarra or his companion. The encounter quickly changed into a nonconsensual detention as the other police officers approached and blocked the truck. The district court made a factual determination that the officers saw the marijuana before the men were detained. The exact sequence was a question of fact and Ibarra has failed to present any evidence to show that the district court erred in its conclusion.

Even if the initial encounter had not been consensual, the dog sniff could have given the officers probable cause to detain Ibarra. United States v. Donnelly, 475 F.3d 946, 955 (8th Cir. 2007) ("[A] dog sniff resulting in an alert on a container, car, or other item, standing alone, gives an officer probable cause to believe that there are drugs present"). At the motion hearing, the trial court stated that, "I think the only thing [the police] had at that point was the dog sniff, and I don't need to decide in context of this case whether the dog sniff alone would have given them reasonable suspicion." While the district court declined to decide whether the dog sniff created a legal basis to search the truck, it accepted that the dog had alerted positively at the time of the sniffs.

Ibarra also argues that his statements to the police should be inadmissible, because he had believed at the time that his interview was being conducted for administrative purposes. This objection was not raised in the district court so it is reviewed for plain error. United States v. Jenkins-Watts, 574 F.3d 950, 963 (8th Cir. 2009). Ibarra was read his Miranda rights upon arrest, and he affirmed in writing that he understood those rights. Miranda v. Arizona, 384 U.S. 436 (1966). He offers no evidence to invalidate that affirmation, and we find no plain error.

Finally, Ibarra argues that the government's fingerprint examiner was not qualified. A district court's decision to admit expert testimony is reviewed for abuse of discretion. United States v. Conroy, 424 F.3d 833, 839 (8th Cir. 2005). "[T]he trial judge . . . must make a preliminary assessment of whether the testimony's underlying

reasoning or methodology is scientifically valid." <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 580 (1993). "Fingerprint evidence and analysis is generally accepted." <u>United States v. Collins</u>, 340 F.3d 672, 682 (8th Cir. 2003). The government's witness had completed thousands of hours of training in fingerprint analysis. Moreover, the fingerprints being compared were "known" prints that had been taken in a controlled environment. The expert described the process of comparing two sets of prints. We conclude that the district court did not abuse its discretion by allowing the witness to testify as an expert.

We therefore affirm the judgment of the district court.

_____